IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUTE 92 MEDICAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) **REDACTED - PUBLIC VERSION** <br> v. ) <br> ) C.A. No. 25-986 (CFC) <br> BALT USA, LLC, ) <br> ) ▮▮▮▮▮▮▮▮▮ <br> Defendant. ) <br> ) <br> ) | |

### DECLARATION OF CHARLES H. SANDERS IN SUPPORT OF DEFENDANT BALT USA, LLC'S <u>MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL</u>

I, Charles H. Sanders, declare as follows:

1. I am a partner with the law firm of Latham & Watkins LLP ("Latham"), located at 200 Clarendon Street, Boston, MA 02116. I am counsel of record for Defendant Balt USA, LLC ("Balt"). I am admitted *pro hac vice* before this Court. I submit this declaration in support of Balt's Motion to Disqualify Plaintiff's Counsel. The facts set forth herein are within my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. On August 15, 2025, I conferred with Route 92's outside counsel of record, including Stephen Jensen and Irfan Lateef, regarding Balt's position that Knobbe has a conflict of interest caused by Knobbe's current representation of Route 92 and Knobbe's

**CONFIDENTIAL VERSION FILED - 10/30/25**
**REDACTED VERSION FILED - 11/6/25**

prior representation of Balt.  I was aware that current Knobbe partner Sheila Swaroop, retired Knobbe partner Rabi Narula, and current Knobbe associate Rory Lootsma provided Balt █████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████ Mr. Jensen stated that Knobbe had implemented an ethical wall between Route 92's litigation counsel and the Knobbe attorneys who previously represented Balt.  In response to my inquiries regarding Knobbe's basis for disagreeing that a disqualifying conflict exists, Mr. Jensen responded that the person who investigated the conflict at Knobbe would need to address that issue.  I requested to speak with the Knobbe attorney who was investigating the conflict issue, and I requested that Mr. Jensen put me in contact with that attorney.  I have been informed that Knobbe did not inform Balt that it was representing Route 92 in this matter or request Balt's consent before filing the complaint.

3. On September 17, 2025, I conferred with Knobbe's Managing Partner, Steven Nataupsky, regarding the same conflict issue.  Mr. Nataupsky confirmed that he led Knobbe's investigation of the conflict of interest Balt had raised.  It was his view that Knobbe's representation of Route 92 was not substantially related to ██████

████████ I explained that Knobbe ██████████████████

██████████████████████████████████

4. Mr. Nataupsky stated that he had not looked at Route 92's complaint. He was also unaware that this case involved ████████████████████ ████████ or that Route 92 had filed an amended complaint or Route 92's reason for doing so.

5. I asked whether Mr. Nataupsky would like to reconsider his position in view of these facts or at least consider them further. Mr. Nataupsky responded that he had done no legal research and was relying solely on his interpretation of the rules. Mr. Nataupsky said his position that there was no conflict remained unchanged.

6. I asked Mr. Nataupsky for the legal authority supporting his position. Mr. Nataupsky stated that it was his view based on his interpretation of the rules of professional conduct. Mr. Nataupsky said he had not conducted legal research on the issue.

7. On September 24, 2025, I sent Mr. Nataupsky an email with three requests. First, I asked if Route 92 would drop its willfulness claim, ████████████ ██████████████████████████████████████ ██████████████████████████████████. Second, I asked if Route 92 would covenant not to sue on the dependent claims of the '036 patent that were similar to the claims of the recently-dropped '911 patent ████████

3

███████████████████████████████████████████ Third, I asked when Knobbe implemented the wall between Balt and Route 92 matters.

8. On September 28, 2025, Mr. Nataupsky asked for permission to share information with Route 92 to discuss these questions. I replied the next day that he could share specified information with the Knobbe litigation team and Route 92, provided they agree that it will not constitute a waiver. Having not received a response from Mr. Nataupsky, I followed up on October 8. On October 10, 2025, Mr. Nataupsky responded that he would need to confer with his colleagues and that he had been unable to respond because he was traveling in Europe.

9. On October 15, 2025, I conferred with Route 92's outside counsel of record in this action and discussed the three requests I emailed to Mr. Nataupsky. Route 92's counsel was aware of Balt's requests, asked questions to clarify their understanding of those requests, and requested time to confer with their client. I offered that Balt would be willing to extend litigation filing deadlines to give the Knobbe team additional time to consider these requests with Route 92, and the parties subsequently agreed to a two-week extension.

10. During the same meet-and-confer, I proposed to Route 92's counsel that Balt would file the current motion to disqualify Knobbe with attorney-client privileged materials filed under seal and requested Route 92 counsel's position on limiting service of those materials. Knobbe stated its view that Balt's use of privileged information in a

4

motion to disqualify would be a waiver and that it would use such information in advancing Route 92's case here. Accordingly, Balt withholds the privileged exhibits described at a high level below and will submit them for *in camera* review upon the Court's request.

11. On October 24, 2025, Knobbe informed Balt that it had implemented an ethical wall on April 29, 2025. I am aware that Knobbe started representing Route 92 no later than October 7, 2024, when it filed a complaint on behalf of Route 92 alleging that Q'Apel Medical, Inc. infringes Route 92's patents. *Route 92 Medical, Inc. v. Q'Apel Medical, Inc.*, No. 24-01108, D.I. 1 (D. Del. Oct. 7, 2024). In that case, Route 92 asserted infringement of U.S. Patent No. 11,925,770, *id.* ¶ 16, which Route 92 asserts against Balt here.

12. Attached as Exhibit A is a true and correct copy of a spreadsheet reflecting payments Balt made to Knobbe from ▮▮▮▮▮▮▮▮.

13. Attached as Exhibit B is a true and correct copy of a Los Angeles Times article on Ms. Swaroop.

14. Exhibit C, withheld as privileged, is a true and correct copy of a May 4, 2021 email from Ms. Swaroop to Tom Whalen, et al., ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15. Exhibit D, withheld as privileged, is a true and correct copy of a May 21, 2021 memorandum from Knobbe to Mr. Whalen, et al., containing confidential information about ████████████████████████████████████████. The memorandum also provided ████████████████████████████████████████ ████████████████████████████.

16. Exhibit E, withheld as privileged, is a true and correct copy of a November 10, 2022 email from Mr. Narula to Elizabeth O'Brien ██████ ████████████████████████████████.

17. Exhibit F, withheld as privileged, is a true and correct copy ██████ ██████████ dated October 28, 2022, conducted on behalf of Balt as part of Mr. Narula's ████████████ which contains confidential information pertaining █ ████████████████████████████████████████.

18. Exhibit G, withheld as privileged, is a true and correct copy of a February 7, 2023 email from Mr. Narula to Ms. O'Brien, copying Mr. Lootsma, describing ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████.

19. Exhibit H, withheld as privileged, is a true and correct copy of a March 28, 2023 email from Mr. Narula to Ms. O'Brien, copying Mr. Lootsma, providing ████████████████████████████████████████

███████████████████████████████████ The email also references that on March 2, 2023, Knobbe and Balt ████████████████████████████████

20. Attached as Exhibit I is a true and correct copy of an annotated patent family tree for the '952 patent, generated on October 20, 2025, by https://www.patdocs.com/.

21. Attached as Exhibit J is a true and correct copy of U.S. Patent No. 10,485,952.

22. Attached as Exhibit K is a true and correct copy of an annotated patent family tree for the '036 patent, generated on October 20, 2025, by https://www.patdocs.com/.

23. Attached as Exhibit L is a true and correct copy of U.S. Patent No. 10,646,239.

24. Attached as Exhibit M is a true and correct copy of a September 3, 2025 email from Wendy Peterson to Jeffrey Sachs, et al.

25. Attached as Exhibit N is a true and correct copy of Mr. Sachs's August 19, 2025 letter addressed to Ms. Swaroop.

26. Exhibit O, withheld as privileged, is a true and correct copy of an October 10, 2025 email from Mr. Nataupsky to myself, Michael Morin, and Patricia Young, which includes an email exchange beginning with my September 24, 2025 email to Mr. Nataupsky regarding Knobbe's conflict of interest—which I characterized as side-

switching and an egregious conflict of interest—caused by its representation of Route 92 here. In my September 24 email, I explained that, although the '036 patent's independent claims lack certain limitations in the '911 patent ████████████ ████████████ addressed to Ms. Swaroop, those elements remain in some of the '036 patent's dependent claims. I also requested three pieces of information: First, whether Route 92 would drop its willfulness claim, ████████████ ████████████████████████████████████████████ ████████████████████████; second, whether Route 92 would covenant not to sue on dependent claims of the '036 patent that are similar to claims in the recently-dropped '911 patent ████████████████████████████████████ ████████; third, when did Knobbe implement its ethical wall between the Balt and Route 92 matters.

  27. Mr. Nataupsky responded on September 28, as shown in Exhibit O, asking for permission to share information with Route 92 to provide responses to Balt's requests.

  28. In a follow-up email in Exhibit O, on September 29, I provided Mr. Nataupsky permission to share information with Route 92, provided that Knobbe and Route 92 agree that the sharing shall not constitute a waiver.

  29. On October 8, as reflected in Exhibit O, having received no response, I followed up with Mr. Nataupsky. On October 10, 2025, Mr. Nataupsky responded that

he would need to catch up with his colleagues but had been unable to respond because he was traveling in Europe .

30. Attached as Exhibit P is a true and correct copy of Mr. Jensen's October 24, 2025 letter addressed to me.

31. Attached as Exhibit Q is a true and correct copy of my October 27, 2025 letter addressed to Mr. Jensen.

I declare under penalty of perjury that to the best of my knowledge the foregoing statements are true and correct and that this declaration was executed this 30th day of October, 2025, in Boston, MA.

*Charles H. Sanders*

Charles H. Sanders

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 30, 2025, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr.<br>Megan C. Haney<br>PHILLIPS, MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Stephen Jensen<br>Irfan Lateef<br>Jared C. Bunker<br>Isabella C. Pestana<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Melis Tirhi<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>1925 Century Park East, Suite 400<br>Los Angeles, CA 90067<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Rodger D. Smith II*

Rodger D. Smith II (#3778)